IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MOHAMMOD JAMIL AHMED**, | |
| Plaintiff, | |
| vs. | Case No. 22-cv-4163 |
| **MICHAEL B. DAVIS** | JURY TRIAL DEMANDED |
| Defendant | |

## ORIGINAL COMPLAINT

Plaintiff Mohammod Jamil Ahmed ("Plaintiff") was sexually assaulted by Defendant Michael B. Davis ("Defendant") while both men were in Abu Dhabi, United Arab Emirates. Plaintiff seeks damages for the sexual assault as well as Defendant's subsequent acts of retaliation and depravity.

### Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S. Code § 1332(a)(2) because Plaintiff is a resident of Bangladesh and Defendant is a resident of Texas. The Court further has jurisdiction over the defendant under Tex. Civ. P. & Rem. Code § 98B.006.

2. Venue is proper in this district because the Defendant resides in Houston, Texas.

### Parties

3. Plaintiff is a citizen of Bangladesh, where he currently resides. He previously

lived in Abu Dhabi, where he was working in order to support his family in Bangladesh.

4. As of 2017, Defendant lived in Abu Dhabi while he was serving as chief operating officer (and later chief executive officer) of NMC Health Care, the largest privately-owned healthcare company in the U.A.E. He divided his time between Abu Dhabi and Houston, and he now resides exclusively in Houston.

### Statement of Facts

4. In the Fall of 2017, Plaintiff was working in a car showroom, but the business was declining and his employer said Plaintiff's salary might be reduced. In order to find a new job, Plaintiff created a profile on Indeed, an online job search site.

5. Shortly after creating the profile, Plaintiff was contacted by Defendant, whom Plaintiff did not know. Defendant lived in an expensive apartment in Abu Dhabi, and he asked Plaintiff to meet him at his apartment about a job opportunity.

6. On or about December 2, 2017, Plaintiff met with Defendant at Defendant's apartment in Abu Dhabi. Defendant sexually assaulted Plaintiff during the encounter. Defendant also seized Plaintiff's mobile phone (which was unlocked) and he discovered intimate photographs of Plaintiff with his wife.

7. Defendant forwarded the photographs from Plaintiff's phone to Defendant's phone, saving the photographs in order to gain leverage over Plaintiff.

8. Before and after December 2, 2017, Defendant and Plaintiff exchanged text messages that corroborated the sexual assault on Plaintiff. Shortly after the assault, Defendant paid for Plaintiff's air travel to Bangladesh, apparently hoping to avoid

criminal liability in the U.A.E. by getting Plaintiff out of the country.

9.  Defendant encouraged Plaintiff to remain in Bangladesh and promised that he would help Plaintiff set up a business in Bangladesh.  Defendant never fulfilled his promise to help Plaintiff, so Plaintiff eventually emailed B.R. Shetty, the founder and chairman of NMC, and explained that he wanted to report misconduct by someone at NMC.

10.  Defendant was forwarded or somehow intercepted the email and showed it to Plaintiff.  Plaintiff told Defendant that he felt powerless and humiliated and that he intended to make the sexual assault publicly known.

11.  On February 24, 2021, Bangladeshi police arrested Plaintiff while he was on his way to a badminton tournament. One of the officers asked Plaintiff, "What is your problem with the American? Why are you disturbing him?"

12.  Another officer told Plaintiff that he would go to prison because "the American" had hired a prominent Bangladeshi lawyer with strong political connections. The officer later described "the American" as Michael Davis.

13. As it turned out, Defendant had falsely accused Plaintiff of blackmailing him $40,000 USD. Defendant had told Bangladeshi police that he paid $40,000 to Plaintiff in order to avoid a false allegation of rape. In reality, Defendant had never paid Plaintiff $40,000, nor was there any evidence that Plaintiff had demanded or been paid $40,000.

14.  Plaintiff was finally released from custody on March 17, 2021 because there was no evidence that Plaintiff had blackmailed Defendant. In fact, the opposite was true.

In an effort to silence Plaintiff, Defendant had texted Plaintiff's wife and Plaintiff's brother copies of the intimate photographs that he had stolen from Plaintiff's phone.

15. Defendant apparently shared the same compromising photographs with Bangladeshi police, because the police had also showed the photographs to Plaintiff's wife and Plaintiff's brother.

16. Plaintiff is happily married to his wife, with whom he has a five-year-old daughter. He is a practicing Muslim who resides in a conservative, majority-Muslim country. The sexual assault, the revenge porn, and the wrongful arrest and imprisonment have been deeply traumatic to Plaintiff and his family. Furthermore, Plaintiff was unable to leave Bangladesh to search for work until late 2022, when the charges against him were fully and finally dismissed.

## Claims

17. All prior paragraphs are incorporated herein by reference.

18. The Plaintiff brings claims against the Defendant for sexual assault; malicious prosecution; false imprisonment; abuse of process; and intentional infliction of emotional distress.

19. The Plaintiff further brings claims against the Defendant for conversion, statutory theft under Tex. Civ. Prac. & Rem. Code §134.003, and "revenge porn" under Tex. Civ. Prac. & Rem. Code § 98B.002.

## Request for Relief

The Plaintiffs seeks actual damages, exemplary damages, costs, attorney fees, injunctive relief, and all other legal or equitable relief to which he may be justly entitled.

**THE PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
147 Prince Street, Suite 2-15
Brooklyn, New York 11201
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff**